to the rim of a cycle, embodied in claims 4 and 5 of the reissued patent; and, while he does not swear as to his intention, I think it sufficiently appears from the original patent that he therein intended to secure to himself said invention; and that it further appears from the evidence that the errors in the specifications arose from inadvertence, accident, or mistake, and without any fraudulent or deceptive intention.

I have not overlooked the fact that in said claims in the reissue the protection strips of caoutchouc do not appear, but I do not regard them as essential parts of the combination. They do not involve inventive skill, nor do they affect the operation of the thing invented, except to perhaps prolong its life; and, while the arrangement in defendant's tire for this purpose, whereby the flaps of the nonexpansible jacket are doubled at the point of contact with the rim, seems to me to be an improvement upon complainant's arrangement, yet this improvement is only effected by an appropriation of complainant's invention, the means of securely and firmly maintaining the tire in position on the rim of the wheel. All the authorities are to the effect that where, under such circumstances, the application for a reissue merely seeks to make the claim broader and more comprehensive, it may be granted, in order to secure to the patentee his actual invention, provided he has not been guilty of any inexcusable laches, and no adverse rights have accrued. Miller v. Brass Co., 104 U. S. 352; James v. Campbell, Id. 361; Topliff v. Topliff, 59 O. G. 1261, 12 Sup. Ct. Rep. 825; Rob. Pat. 693.

In this case there were no inexcusable laches on the part of the complainant. As soon as the defects were discovered by him, he used such diligence to correct them that, although he resided in a foreign country, and his counsel resided here, his application was filed in the patent office on January 24, 1891,—4 1-2 months after the date of the original patent. That no circumstance has occurred during this time that would make the reissue operate harshly or unjustly to this defendant is abundantly established by the evidence. The defendant had not invested a dollar in the business at the date of the grant of the reissue; did not obtain a license from the owners of the Thomas patents, the Thomas Company, until six weeks after the reissue was granted. The Thomas Company had never settled on any form of tire as that which they would offer for sale, and they had never sold a single tire. Infringement has not been seriously, and cannot be successfully, denied. Plaintiff's and defendant's tires, when completed, are substantially the same.

Let there be a decree for an injunction and an accounting.

PETTIBONE et al. v. STANFORD.

(Circuit Court of Appeals, Seventh Circuit. October 26, 1892.)

1. PATENTS FOR INVENTIONS — EXTENT OF CLAIM — PRIOR STATE OF ART—INFRINGEMENT.

Claim 3 of letters patent No. 245,634, issued August 16, 1881, to Thomas J. Jenne and Charles S. Harmon, for an improvement in lifting jacks, describes the combination, among other things, of "the standard, A, provided with the arms, V, * * * collar, C, having the trunnions, O, working in journals at

the tops of the arms, V." *Held* that, in view of the prior state of the art, the claim is limited to the specific elements named, and is not infringed by a jack having a collar integral with the standard, and incapable of any movement. 48 Fed. Rep. 302, affirmed.

**2. SAME—EXTENT OF CLAIMS.**

Claims cannot be enlarged by construction. 48 Fed. Rep. 302, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

In Equity. Suit by Pettibone, Mulliken & Co. against Arthur L. Stanford for infringement of patent. Bill dismissed. See 48 Fed. Rep. 302. Complainants appeal. Affirmed.

Dyrenforth & Dyrenforth, for appellants.
Geo. Payson and L. L. Bond, for appellee.

Before WOODS, Circuit Judge, and BUNN, District Judge.

PER CURIAM. The decree appealed from is affirmed, upon the grounds stated in the opinion of the court below.

---

## STARLING v. WEIR PLOW CO. et al.

(Circuit Court of Appeals, Seventh Circuit. October 27, 1892.)

**1. PATENTS FOR INVENTIONS—PATENTABILITY—NOVELTY—SULKY PLOWS.**

The first claim of letters patent No. 154,293, issued August 18, 1874, to William Starling, for an improvement in sulky plows, consisting of the combination of a crank bar with the plow beam, lever, and axle, so that the horses are made to raise the plow out of the ground, is void for want of novelty. 49 Fed. Rep. 637, affirmed.

**2. SAME—RES ADJUDICATA.**

A decision that a patent which has three claims, covering different features of the device, is not void for want of novelty, does not render the question of novelty res adjudicata when a single one of the claims is attacked in a subsequent suit for want of novelty, and proof is introduced in such subsequent suit that was not offered in the former suit. 49 Fed. Rep. 637, affirmed.

Appeal from the Circuit Court of the United States for the Southern Division of the Northern District of Illinois.

Suit by William Starling against the Weir Plow Company and William Weir to restrain an alleged infringement of a patent. The bill was dismissed for want of equity. 49 Fed. Rep. 637. Complainant appeals. Affirmed.

H. W. Wells, for appellant.
Bond, Adams & Pickard, for appellees.

Before GRESHAM and WOODS, Circuit Judges, and JENKINS, District Judge.

PER CURIAM. The decree appealed from is affirmed, upon the grounds stated in the opinion of the court below, reported in 49 Fed. Rep. 637.